(93 South. 101)

No. 25260.

## CITY OF SHREVEPORT v. TAYLOR.

### In re TAYLOR.

(June 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ☞121—One not charged with possessing liquor in his home not concerned with invalidity of ordinance so far as it prohibits such possession.**

   Where defendant, charged with possessing intoxicating liquor in violation of an ordinance, had possession of such liquor in his garage and not in his home, he had no interest in the question whether the ordinance, so far as it prohibited possession in one's home for the personal consumption of himself, his family and his bona fide guests, was invalid, because broader than Act No. 39 of 1921, § 4.

2. **Intoxicating liquors ☞11—City authorized to fix minimum penalty for possession in violation of ordinance.**

   Under Act No. 25 of 1920, authorizing the council of the city of Shreveport to impose fines for breach of ordinances not exceeding $600, and Act No. 39 of 1921, § 3, providing a fine of not more than $500 for possessing liquor as a first defense, the city council of Shreveport could provide for a minimum fine of $200 for violation of its ordinance prohibiting the possession of liquor.

M. Taylor was convicted of violating a city ordinance, and his conviction was affirmed by the district court, and he applies for writs of certiorari and prohibition. Restraining order rescinded, application denied, and proceeding dismissed.

Charles F. Crane, of Shreveport, for relator.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. Defendant Taylor was charged by affidavit before the city court of the city of Shreveport with violating ordinance No. 180 of said city, which ordinance bears the same title as that of Act No. 39 of 1921, known as the Hood Bill. The charge was that the said Taylor "did unlawfully have in his possession intoxicating liquor for beverage purposes." He was convicted in the city court, and was sentenced to pay a fine of $200 and costs, and in default of payment to work out the same on the streets and alleys of the city or other public work at the rate of $1 per day for each day of labor performed.

The minutes of the city court show that a motion to quash was filed and overruled, but the motion is not in the record, and there is nothing to show on what ground the motion to quash was based. An appeal was prosecuted to the district court of Caddo parish, and before trial in that court the defendant moved to quash the charge for the reason, quoting:

"That the ordinance under which he is prosecuted is ultra vires, unconstitutional, null and void in that it transcends the power and latitude of the municipality which passed it; seeks to make that an offense which the state has expressly exempted and declared not to be an offense, and is in direct conflict with the state law, and general policy of the state governing intoxicating liquors."

The motion was overruled, and on a trial de novo the judgment of the city court was affirmed. Thereupon the defendant applied to this court for writs of certiorari and prohibition. In answer to the rule the district judge sent up the entire record of the proceedings had before him, and submits the matter for such action as this court may deem proper.

We do not understand that any question is raised as to the power and authority of the city of Shreveport to adopt an ordinance on the subject of prohibition that would conform in all essential respects to the provisions of Act 39 of 1921. The complaint is that the ordinance enlarges on the state statute, transcends the latitude of that statute, in that it makes that an offense which the state has expressly legalized, and that the ordinance

fails to observe the limitations and exemptions contained in the state law. In the bill of exceptions to the overruling of the motion to quash, it is stated that the ordinance is unconstitutional, null, and void and ultra vires, in that it transcends the powers and latitude of the municipality which passed it, in that it is broader than the state statutes under which it is passed, and makes that an offense which the state has not. And in counsel's brief, it is so stated that Act 39 of 1921, by virtue of which the city of Shreveport obtained its authority to pass any ordinance at all upon the subject, reads:

"Section 4. Nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for use of himself and his family in his home and his bona fide guests entertained in such home."

Our consideration is therefore limited to the particular issue raised and discussed in the brief.

[1] If the defendant had been charged with having possession, in his home, of beer and wine for use therein, in the manner not prohibited by the state statute, there would be considerable force in his contention that the ordinance is broader than the statute, for the state law does not prohibit one from possessing intoxicating liquors in his private dwelling, where such intoxicating liquor was legally acquired and is for the personal consumption of himself, his family and bona fide guests. Nor does said statute prevent a citizen householder from brewing beer and fermenting wine for the use of himself and his family and bona fide guests. But no such charge is laid against the defendant. He is charged with unlawfully having in his possession intoxicating liquor for beverage purposes, and the return of the trial judge shows that the liquor was whisky and the possession was not in defendant's home, but in his garage. It is clear that the defendant is not concerned with, and has no interest whatever in, the question of the failure of the ordinance to follow the state law and to make the exemption complained of. The contention is utterly foreign to the charge against defendant, and of which he was found guilty by the trial judge. It is not pretended that the ordinance does not cover such a charge as made against defendant.

[2] It is further urged against the legality of the ordinance that it provides for a larger minimum penalty than the state law; that under the state law for the first offense a person may be fined as low as $1 and costs, whereas under the city ordinance for the first offense one cannot be fined less than $200 and costs. Act 25 of 1920 confers upon the city council of the city of Shreveport the authority to impose such fines for the breach of the by-laws, rules and ordinances of the city as they shall think proper, not exceeding $600. In fixing the minimum penalty at $200, the ordinance did not contravene the penal clause of Act 39 of 1921, because of the fact that section 3 of the said act failed to provide for a minimum fine. The authority to impose a fine not exceeding $600 necessarily included the power to adopt a minimum.

It is therefore ordered and decreed that the restraining order heretofore issued in this case be now recalled and rescinded, and that relator's application be denied, and this proceeding dismissed.